# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ORLANDO ESPANA-SOLIS,

    Movant,

v.　　　　　　　　　　　　　　　　　　CASE NO. 8:21-cv-2846-CEH-AAS
　　　　　　　　　　　　　　　　　　　CRIM. CASE NO. 8:19-cr-32-CEH-AAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is the Government's response (cv Doc. 4) which incorporates a motion to dismiss as time-barred Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (cv Doc. 1). Movant opposes the motion to dismiss (*see* cv Docs. 5, 7). Upon consideration, the motion to dismiss will be granted.

**PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (cr Docs. 29, 33, 36, 55). He was sentenced to 120 months in prison, followed by 60 months on supervised release (cr Docs. 73, 76). Judgment was entered on June 13, 2019 (cr Doc. 76). Movant did

1

not file a direct appeal. He filed his Section 2255 motion on December 1, 2021 (cv Doc. 1 at 11).

## ANALYSIS

Respondent moves to dismiss the Section 2255 motion as time-barred. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a limitations period for Section 2255 motions. A one-year period of limitations applies to a Section 2255 motion and runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's June 13, 2019 Judgment became final on June 27, 2019, when his time for filing a direct appeal expired. *See Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir.2000); *Murphy v. United States*, 634 F.3d 1303, 1308 n. 13 (11th Cir.2011) ("[I]t is settled law that a judgment of conviction is not final until the time for appealing

2

the judgment has run[.]"). Because Movant's judgment became final on June 27, 2019, he had through June 27, 2020, to file a Section 2255 motion. He did not file his initial Section 2255 motion until December 1, 2021. Therefore, it was filed nearly 18 months late and is time-barred unless tolling principles apply to render it timely.[1]

"[T]he statute of limitations set forth in 28 U.S.C. § 2255. . .is subject to equitable tolling." *Akins*, 204 F.3d at 1089. To be entitled to equitable tolling "the petitioner must show both extraordinary circumstances and due diligence. . . ." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir.2004) (citation omitted).

Movant has failed his burden to show both that an extraordinary circumstance prevented him from timely filing his Section 2255 motion, and he acted with due diligence in attempting to timely file his motion. His contentions that his attorney failed to advise him of his right to appeal and to file a notice of appeal (*see* Docs. 5, 7) are inadequate to establish an extraordinary circumstance that warrants equitable tolling. *See Spears v. Warden*, 605 Fed. App'x. 900, 905 (11th Cir.2015) (per curiam) (where petitioner argued entitlement to equitable tolling because his plea counsel led him to believe he had no right to an appeal, finding that equitable tolling was not warranted even if counsel was negligent in misadvising petitioner); *Gholston v. Chatman*, 2017 WL 3474074, at *3 (M.D. Ga. July 10, 2017), *report and recommendation*

---

[1] None of the other sections (§§ 2255(f)(2), (3), or (4)) are relevant to Movant's case.

*adopted*, 2017 WL 3461708 (M.D. Ga. Aug. 11, 2017) ("Eleventh Circuit authority suggests that an attorney's failure to advise regarding appellate rights is generally a type of negligence, which does not warrant equitable tolling. . . ."). And Movant fails to demonstrate he acted with reasonable diligence because he has not alleged that he took any action to pursue his rights until nearly two and a half years after his June 13, 2019 conviction. Accordingly, Movant's Section 2255 motion is time-barred.

It is therefore **ORDERED** that Respondent's motion to dismiss (cv Doc. 4) is **GRANTED**. Movant's Section 2255 motion (cv Doc. 1) is **DISMISSED** as time-barred. The **Clerk** is directed to enter judgment against Movant, close this case, and terminate from pending status both the Section 2255 motion in this case (cv Doc. 1), and the Section 2255 motion (cr Doc. 163) filed in the corresponding criminal case number 8:19–cr–32–CEH-AAS (M.D.Fla.).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS DENIED

Movant has no absolute right to appeal the dismissal of his Section 2255 motion. 28 U.S.C. § 2253(c)(1). The district court must first issue a certificate of appealability ("COA"). *Id.* A COA will issue only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a movant must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

4

(quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir.2000) (dismissal of habeas petition as time barred is procedural). Movant cannot make that showing. And since he is not entitled to a COA, he is not entitled to appeal i*n forma pauperis*.

**ORDERED** in Tampa, Florida, on September 13, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to: Movant *pro se*
Counsel of Record